# EXHIBIT A



# Military Justice Branch
# PRACTICE DIRECTIVE

**No. 1-18**     **9 February 2018**

## Criminal Justice Information Reporting

### Background

On November 5, 2017, a former service member shot and killed 26 people at a church in Sutherland Springs, Texas. Subsequent investigation revealed the shooter had been discharged following court-martial proceedings which resulted in conviction for aggravated assaults on his wife and stepson. Those convictions—crimes of domestic violence—made it unlawful for the shooter to receive or possess firearms or ammunition. However, because those convictions were not reported to the FBI, the shooter passed a background check and was able to purchase the firearms used in the shooting.

In the weeks following the shooting, the DoD Inspector General (IG) reported the Services have not met requirements for collecting and forwarding criminal justice information to systems used by the FBI to prevent unlawful firearms transfers. A December 2017 DoD IG investigation reported that during 2015 and 2016, the Marine Corps collected fingerprints in only 76% of cases where fingerprinting was required by DoD regulation, and reported dispositions in only 69% of those cases. An evaluation from February 2015 revealed a similar pattern.

On November 7, Judge Advocate Division established the Criminal Justice Information Reporting Task Force (CJIRTF) to assess Marine Corps processes for collecting and reporting criminal justice information, to identify any gaps in the reporting process, and to make recommendations on necessary remedial actions.

> **SJA to CMC Guidance**
>
> 1. Report all information with legal impacts on the receipt, possession, shipment, transportation, and transfer of firearms and ammunition;
>
> 2. Use and improve established legal processes to facilitate performance;
>
> 3. Closely coordinate efforts among command, law enforcement, legal personnel, and civilian authorities.

This Practice Directive is issued pursuant to the authority of the SJA to CMC under Article 6, SECNAVINST 5430.27D, and MCO 5430.2, and implements interim remedial measures pending development and issuance of additional Marine Corps policy. All Marine judge advocates subject to the supervision of the Staff Judge Advocate to the Commandant will implement this Practice Directive in all cases currently under investigation or pending resolution, and in cases arising on and after the date of this Directive. Expect and prepare for future remedial measures which may require examination of past cases. Where any doubt arises as to the application of this Practice Directive, consult Judge Advocate Division (JMJ) for guidance.

### Law and Regulation on Possession, Receipt, and Transfer of Firearms and Ammunition

The legal framework governing the impact of criminal justice information on possession of firearms and ammunition is found primarily in the Gun Control Act of 1968 (18 U.S.C. § 921 *et seq.*, as amended)(GCA). Several other statutory and regulatory sources both refine and inform the provisions of the GCA. Collectively, these sources promulgate various restrictions on the receipt, possession, transportation, shipment, and transfer of firearms and ammunition, and establish requirements for conducting background checks prior to certain firearms purchases. The precise terms used

by the GCA are further defined in the Code of Federal Regulations (27 CFR § 478.11), published by the ATF to aid practitioners and the public in applying the provisions of the Act.

Under section 922(g) of the GCA, it is unlawful for a person to receive, possess, ship, or transport firearms or ammunition if that person:

1. **Has been convicted of any offense punishable by more than one year of confinement, regardless of the amount of confinement actually awarded or imposed.** This prohibition is often referred to as the "felony" prohibition, and includes convictions by general court-martial of any offense for which more than one year of confinement is authorized. The ATF has opined that this provision does not include conviction by special court-martial because that forum is jurisdictionally limited to one year or less confinement.

2. **Is a fugitive from justice.** This includes a person who has fled from any state to avoid prosecution, who leaves the state to avoid giving testimony in any criminal proceeding, or knows that charges have been preferred or are otherwise pending before any civilian or military court against such person and leaves the state of prosecution without proper authority.

3. **Is an unlawful user of or addicted to any controlled substance.** This prohibition includes persons who admit drug use or are found through a drug test to have used a controlled substance unlawfully, provided that the test was administered within the past year and neither the admission nor the test were incident to a self-referral for treatment. As a matter of policy, the Marine Corps interprets this provision to apply at the earliest stage at which a commander has identified unlawful use of a controlled substance, including the commander's determination of unlawful use under MCO 5300.17.

4. **Is found incompetent to stand trial or found not guilty by reason of lack of mental responsibility pursuant to articles 50a and 76b of the Uniform Code of Military Justice.**

5. **Has been discharged under dishonorable conditions.** This prohibition is triggered by final discharge from military service, following completion of appellate review.

6. **Is subject to a civilian restraining order.** The order must have been issued by a civilian court following a hearing of which such person received actual notice, and at which such person had the opportunity to participate. The order must restrain that person from harassing, stalking, or threatening certain persons, and must include specific findings and restrictions on the person restrained.

7. **Has been convicted in any court of a misdemeanor crime of domestic violence.** The Lautenberg Amendment to the GCA added another statutory prohibition to the receipt, possession, transfer, shipment, and transportation restrictions under 18 USC 922(g)(9) in cases where a person has a qualifying conviction for a misdemeanor crime of domestic violence. This prohibition applies regardless of the amount of punishment awarded, and includes all special court-martial convictions. DoDI 6400.06 extends this prohibition to felony and general court-martial convictions, but excludes convictions by summary court-martial. A misdemeanor crime of domestic violence is a federal, state, or local offense that:

    (1) Is a misdemeanor under Federal or State law or, in States which do not classify offenses as misdemeanors, is an offense punishable by imprisonment for a term of one year or less, and includes offenses that are punishable only by a fine;

    (2) Has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon; and

(3) Was committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or a person similarly situated to a spouse, parent, or guardian of the victim (two persons who are residing at the same location in an intimate relationship with the intent to make that place their home would be similarly situated to a spouse).

In addition to these prohibitions under section 922(g), section 922(n) of the GCA prohibits receipt, shipment, and transport of firearms and ammunition by persons under indictment for a crime punishable by more than one year of confinement. The term "under indictment" is defined under the CFR provisions published to include those military personnel who are the subject of charges that have been referred for trial by general court-martial. Finally, section 922(d) of the Act makes it "unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person" is prohibited to receive or possess a firearm or ammunition. Possession and transfer offenses under section 922 are punishable by 10 years' imprisonment. Unlawful receipt of firearms or ammunition is punishable by five years' imprisonment.

While the GCA imposes significant criminal penalties for unlawful receipt, possession, transportation, shipment, and transfers, section 925 of the Act provides exceptions to most prohibitions in cases where firearms are issued or used for government use (meaning weapons can be issued, received, and possessed for official purposes). However, there are no such exceptions for personally-owned firearms, nor is there any exception under the Act for government use where an individual has a conviction for a misdemeanor crime of domestic violence under section 922(g)(9). All of these restrictions are well-known to the FBI, which monitors compliance with many of these provisions through the National Instant Criminal Background Check System (NICS).

**The National Instant Criminal Background Check System (NICS)**

Congress established NICS with the Brady Handgun Violence Prevention Act of 1993 ("Brady Act"), which amended the GCA to strengthen federal firearms regulations. The Brady Act requires the holder of a Federal Firearms License (FFL) to contact NICS by telephone or other electronic means to determine whether the transfer of a firearm would violate either state law or section 922(d), (g), or (n) of the GCA. When an FFL initiates a NICS background check, a name and descriptor search is conducted to identify any matching records in three nationally held databases managed by the FBI's Criminal Justice Information Services (CJIS) Division: the Interstate Identification Index (III), the National Crime Information Center (NCIC), and the NICS Indices.

**DoD Regulations Related to Criminal Justice Information and Domestic Violence**

Despite the GCA prohibitions and capabilities of NICS, the GCA does not create an affirmative obligation to report to NICS information that would disqualify someone from shipping, transporting, possessing, or receiving firearms or ammunition. However, DoD Instruction 5505.11 (DoDI 5505.11) requires commanders notify the relevant defense criminal investigative organization (DCIO) or other DoD law enforcement organization "[w]hen a military judicial proceeding is initiated or command action is taken in military non-judicial proceedings pursuant to the UCMJ against a military subject for one or more offenses listed in Enclosure 2 of [the] instruction, or an other than honorable discharge is based on an investigation conducted by a DCIO or other DoD law enforcement organization of one or more offenses listed…." Following such notification, the DCIO or other DoD law enforcement organization makes an independent determination on whether to initiate an investigation. Where offenses are investigated by a DoD law enforcement entity, that organization reports the offender's criminal history data to CJIS, normally through the collection of fingerprints and forwarding reports of disposition.

Domestic violence policy related to criminal justice information is established under a different reference with a related purpose. DoDI 6400.06 sets forth several requirements and definitions regarding domestic violence. In particular, DoDI 6400.06 extends the Lautenberg Amendment "misdemeanor crime" prohibitions to felony domestic violence convictions obtained on or after November 27, 2002, making them "qualifying convictions" on the same terms as

PD 1-18 — Military Justice Branch, Judge Advocate Division, Headquarters Marine Corps, The Pentagon, Washington DC • 703-614-1513 — 3

The Pentagon, Washington DC • 703-614-1513

misdemeanor offenses covered by the Lautenberg Amendment. DoDI 6400.06 also requires periodic notice to personnel of their "affirmative, continuing obligation to inform commanders…if they have, or later obtain, a qualifying conviction" for domestic violence. This Instruction also requires use of DD Form 2760 ("Qualification to Possess Firearms or Ammunition") for personnel who come forward to report a qualifying conviction, or where the commander believes a service member may have a qualifying conviction. The form is completed under a limited grant of use/derivative use immunity, in that information reported on the form may not be used in a prosecution of a person completing the form in a prosecution for violating 18 USC 922(g)(9) for conduct which occurred prior to completion of the form. Refusal to complete the form is punishable under the UCMJ.

The provisions of DoD Instructions 5505.11 and 6400.06 were implemented in the Marine Corps under MARADMINS 186/03 and 209/04. MARADMIN 186/03 sets forth Marine Corps policy for implementing the Lautenberg Amendment MARADMIN 209/04 requires commanders "to report all actual, suspected or alleged criminal offenses to the PMO." One of the several purposes of MARADMIN 209/04 was to capture criminal justice information for reporting to the FBI.

The CJIRTF review of reporting in Marine Corps cases over the last several years identified an unacceptable gap in the reporting of information relevant to the FBI adjudication of NICS background checks. Because collection of fingerprints and reporting dispositions is only required where a law enforcement agency conducts the underlying investigation, the actual gap in reporting this information is much greater because the military justice system routinely adjudicates cases not investigated by law enforcement.

***Interim Measures for Reporting and Applying Criminal Justice Information in the Marine Corps***

In cases involving any conduct, charges, or proceedings which would prohibit a service member from receiving, possessing, shipping, or transporting firearms or ammunition, trial counsel will:

1. Take action as directed in Enclosure (1) of this Practice Directive to ensure relevant criminal justice information is forwarded to command and law enforcement authorities for reporting to the FBI;

2. In cases involving guilty pleas, ensure that the potential impact of any underlying conduct, conviction, or sentence is made part of the record during the guilty plea inquiry conducted by the military judge;

3. Closely coordinate all aspects of their cases with the Staff Judge Advocate and any law enforcement agency involved in the investigation of cases;

4. Make a written entry in the government's case file specifically describing actions taken to comply with the requirements of this Practice Directive.

In cases involving any conduct, charges, or proceedings which would prohibit a service member from receiving, possessing, shipping, or transporting firearms or ammunition, Staff Judge Advocates will:

1. Incorporate this Practice Directive and the laws and regulations cited in it when advising commanders on military justice matters and command policies related to firearms, and when coordinating military justice matters with local, state, and federal civilian authorities;

2. Ensure commanders and unit legal personnel are aware of existing requirements to forward all confirmed incidents of unlawful drug use to PMO;

3. Advise commanders on the availability and use of DD Form 2760;

4. In coordination with trial counsel, obtain necessary records from civilian authorities and advise commanders on any action necessary in cases involving civilian court orders or convictions which trigger prohibitions under the GCA;

5. Identify and assess your command's policies implicated by the GCA, including urinalysis notification programs, storage of personally-owned firearms in unit armories and aboard Marine Corps installations, and any legal requirements specific to the state and/or locality in which the command is located, and report those policies and assessments to JAD (JMJ) no later than 1 March 2018.

**Conclusion**

The Marine Corps legal community will set the standard by its timely and accurate legal advice to commanders, and in the reporting of criminal justice information to those agencies which require that information to prevent unlawful firearms transfers. Direct any questions about this Practice Directive to the JMJ Branch Head at (703) 693-9005, or the JMJ Deputy Branch Head at (703) 693-8955.

Take action as directed in this Enclosure in all cases related to any potential prohibition on the receipt, possession, transportation, shipment, or transfer of firearms and ammunition under 18 USC 921 *et seq.* Where this Enclosure requires an entry on the RROT, include the language required for *each* applicable prohibitor. Where this Directive requires notice or other interaction with persons represented by counsel, communicate through defense counsel in accordance with applicable Rules of Professional Responsibility.

| Prohibition | Actions by Trial Counsel |
|---|---|
| **Under Indictment (GCM only)** 18 USC 922(d)(1) 18 USC 922(n) | - On referral of any charge punishable by more than one year of confinement for trial by general court-martial, forward a copy of the referred charges to NCIS, CID, and PMO.<br>- Inform the SJA to the convening authority that the accused is prohibited to receive, transport, or ship firearms or ammunition for personal purposes.<br>- Notify detailed defense counsel in writing that receipt, transport, and shipment of firearms or ammunition for personal purposes is unlawful. |
| **Conviction of offense punishable by more than one year of confinement (GCM only)** 18 USC 922(d)(1) 18 USC 922(g)(1) | - Make the following entry in the Special Notifications section of the Report of Results of Trial: "The accused was convicted of an offense punishable by more than one year of confinement and is prohibited to receive, possess, ship, or transport firearms or ammunition pursuant to 18 USC 922(g)(1) and 922(n)."<br>- Notify detailed defense counsel in writing that receipt, possession, transport, and shipment of firearms by the accused for personal purposes is unlawful.<br>- Inform the SJA to the convening authority that the accused is prohibited to receive, possess, ship, or transport firearms or ammunition for personal purposes.<br>- Forward a copy of the RROT to NCIS, CID, PMO, and the SJA. |
| **Fugitive from justice (GCM/SPCM)** 18 USC 922(d)(2) 18 USC 922(g)(2) | - Notify NCIS, CID, PMO, and the SJA to the convening authority when preferred charges have been served on the accused, and the accused left that state in order to avoid prosecution. |
| **Unlawful user of a controlled substance (GCM/SPCM)** 18 USC 922(d)(3) 18 USC 922(g)(3) | - In cases tried by special and general courts-martial where a conviction is obtained, notify NCIS, CID, PMO, and the SJA by forwarding a copy of the signed RROT.<br>- For Special Courts-Martial, inform the SJA to the convening authority that the accused is prohibited to receive, possess, transport, or ship firearms or ammunition for personal purposes for a period of 12 months following the conviction.<br>- For General Courts-Martial, inform the SJA to the convening authority that the accused is permanently prohibited to receive, possess, transport, or ship firearms or ammunition for personal purposes.<br>- For General Courts-Martial, make an entry in the Special Notifications section of the Report of Results of Trial as directed for cases involving conviction for an offense punishable by more than one year of confinement.<br>- For Special Courts-Martial, make the following entry in the Special Notifications section of the Report of Results of Trial: "The accused was convicted of unlawful use of a controlled substance and is prohibited to receive, possess, ship, or transport firearms or ammunition pursuant to 18 USC 922(g)(3) and 922(n) for a period of 12 months following this conviction."<br>- Notify detailed defense counsel in writing that receipt and possession of firearms by the accused for personal purposes is unlawful. |
| **Mental incompetence (GCM/SPCM)** 18 USC 922(d)(4) 18 USC 922(g)(4) | - Where an accused is found incompetent to stand trial or not guilty by reason of lack of mental responsibility, notify NCIS, CID, PMO, and the SJA by forwarding a copy of any written findings of the military judge or, in acquittals, a signed copy of the RROT.<br>- Make the following entry in the Special Notifications section of the Report of Results of Trial: "The accused has been found [incompetent to stand trial] [not guilty by reason of lack of mental responsibility] and is prohibited to receive, possess, transport, or ship firearms or ammunition." |

|  | |
|---|---|
|  | – Take necessary action to ensure compliance with Articles 50a and 76b. |
| **Dishonorable discharge** 18 USC 922(d)(6) 18 USC 922(g)(6) | – In cases tried by general courts-martial where a dishonorable discharge or dismissal is awarded, notify NCIS, CID, and PMO by forwarding a copy of the signed RROT.<br>– Inform the SJA to the convening authority that the accused is permanently prohibited to receive, possess, transport, or ship firearms or ammunition for personal purposes.<br>– Make the following entry in the Special Notifications section of the Report of Results of Trial: "The accused was sentenced to a Dishonorable Discharge at a trial by general court-martial. Upon execution of that punishment following appellate review, the accused is permanently prohibited to receive, possess, ship, or transport firearms or ammunition pursuant to 18 USC 922(g)(6)."<br>– Notify detailed defense counsel in writing that receipt, possession, transport, and shipment of firearms by the accused for personal purposes is unlawful. |
| **Restraining order (GCM/SPCM)** 18 USC 922(d)(8) 18 USC 922(g)(8) | – Where trial counsel learns that a service member is the subject of a civilian restraining order which meets the requirements of section 922(g)(8), obtain a copy of the restraining order and forward the order to NCIS, CID, and PMO.<br>– Forward a copy of the order to the SJA advising the commander commanding officer of the service member restrained, with notice that the person restrained is prohibited to receive, possess, or transport firearms or ammunition for personal purposes.<br>– If defense counsel has been detailed in the case, notify defense counsel in writing that receipt and possession of firearms by the accused for personal purposes is unlawful. |
| **Domestic violence (GCM/SPCM)** 18 USC 922(d)(9) 18 USC 922(g)(9) | – Where an accused is found guilty at special court-martial of any offense of domestic violence as that term is defined under 27 CFR § 478.11, make the following written entry in the remarks section of the Report of Results of Trial: "The accused was convicted of a misdemeanor crime of domestic violence and is prohibited to receive, possess, ship, or transport firearms or ammunition pursuant to 18 USC 922(g)(9)." Include on the RROT the specific relationship of the accused to the victim in the Special Notifications section, using the specific term(s) identified in the CFR: "The accused is the [current or former] [spouse] [parent] [guardian] of the victim"; "The accused is a person with whom the victim shares a child in common"; "The accused [is cohabiting with] [has cohabited with] the victim as a [spouse] [parent] [guardian] [person similarly situated to a spouse, parent, or guardian]." Consult 27 CFR § 478.11 for additional details.<br>– In cases tried by General Court-Martial where the accused is found guilty of any offense which would be a crime of domestic violence as defined in 27 CFR § 478.11, determine the maximum punishment for the offense of which the accused was found guilty. If punishable by less than one year of confinement, notify as with domestic violence cases tried by special courts-martial. In cases where the domestic violence offense of which the accused is found guilty is punishable by more than one year of confinement, notify as with other cases punishable by more than one year of confinement. Make the following written entry in the remarks section of the Report of Results of Trial: "The accused was convicted of a crime of domestic violence punishable by more than one year of confinement and is prohibited to possess firearms or ammunition pursuant to 18 USC 922(g)(1)." Include the relationship of the accused to the victim in the Special Notifications section as with cases involving a misdemeanor crime of domestic violence.<br>– Forward a signed copy of the RROT to NCIS, CID, PMO, and the SJA.<br>– Inform the SJA to the convening authority that the accused is permanently prohibited to receive, possess, transport, or ship firearms or ammunition for any purpose.<br>– Notify detailed defense counsel in writing that receipt, possession, shipment, and transport of firearms by the accused for **_any_** purpose is unlawful. |