IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

THE CITY OF NEW YORK, *et al.*,

    Plaintiffs,

v.      Civil Action No. 1:17-cv-01464

THE UNITED STATES DEPARTMENT
OF DEFENSE, *et al.*,

    Defendants.

## Memorandum Opinion

THIS MATTER comes before the Court on Plaintiffs' Motion for a Preliminary Injunction and Defendants' Motion to Dismiss. Plaintiffs the City of New York, the City of Philadelphia, and the City and County of San Francisco brought this action against the U.S. Department of Defense ("DoD"), the three Departments of the Armed Forces, and multiple high-level military officials. The complaint was filed in the wake of the tragic shooting incident at a church in Sutherland Springs, Texas, that occurred on November 5, 2017. That shooting was perpetrated by Devin Kelley, a former Air Force service member who had received a bad-conduct discharge after being court-martialed and convicted of assault against his wife and stepson. Plaintiffs contend that Kelley should have been blocked from obtaining a gun based on

his conviction and discharge, but that Defendants' systemic failure to properly report such records as required by statute allowed Kelley to obtain the weapon he used in the shooting.

In 1998, the U.S. Department of Justice established the National Instant Criminal Background Check System ("NICS"). It is a background check database housing records of criminal activity so that individuals disqualified by law from possessing or carrying firearms can be properly identified. Federal law disqualifies, among other categories, people who have been convicted of certain crimes or who have been dishonorably discharged from the Armed Forces. 18 U.S.C. § 922.

Congress later enacted the NICS Improvement Act ("NIAA"), codified at 34 U.S.C. § 40901(e)(1), which mandates that any Federal department or agency that has a record demonstrating that a person falls within a statutory category of persons to whom the sale or disposition of firearms is prohibited must provide that information to the U.S. Attorney General "not less frequently than quarterly," and as required by the Attorney General, "as is necessary to enable the [NICS] system to operate." Plaintiffs argue that Defendants have engaged in an "admitted, systemic and long-standing failure to comply" with the NIAA. They recite multiple instances of testimony by Defendants admitting that their compliance procedures have not been fully followed, including reports of the DoD Inspector

General and the Senate testimony of Secretary of the Air Force Heather Wilson.

Plaintiffs bring this suit pursuant to the Administrative Procedure Act. Plaintiffs seek to have the Court compel the Defendants to locate, identify, and report all records in their control that are required to be reported to the Attorney General under § 40901(e)(1), to conduct a thorough review of their records and compliance procedures, and to submit to the Court for approval a Compliance Plan to ensure that all such records are timely and accurately reported to the Attorney General. Plaintiffs also seek to compel Defendants to submit monthly reports to the Court detailing Defendants' progress in conducting this review and implementing the Compliance Plan.

Plaintiffs filed their Motion for a Preliminary Injunction on December 22, 2017, arguing that the relief requested in their Complaint should be mandated preliminarily. Defendants filed a Motion to Dismiss on March 5, 2018. Both motions were argued on April 6, 2018, and the matter was taken under advisement.

Defendants argue that Plaintiffs' APA claim fails for two reasons: first, because Plaintiffs have not alleged a cognizable informational injury sufficient to confer standing, and second, because they do not have jurisdiction under the APA since they have not alleged a discrete agency action. The jurisdiction of the federal courts is limited to "Cases and Controversies." U.S.

Const. art. III. The plaintiff bears the burden of establishing Article III standing. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The Supreme Court has identified three constitutionally required elements of standing: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). At the pleading stage, "the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. Id. (quoting Warth v. Seldin, 422 U.S. 490, 518 (1975)). Regarding the first prong, "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan, 504 U.S. at 560).

Plaintiffs have not alleged ~~facts sufficient to demonstrate~~ that they have suffered an injury in fact. First, they cannot rely merely on the fact that the Defendants are in violation of the NIAA to establish injury in fact. The Supreme Court has held that "Article III standing requires a concrete injury even in the context of a statutory violation." Id. at 1549. Plaintiffs must instead plausibly allege a concrete and particularized injury in fact to their proprietary interests as municipal

4

governments that is traceable to Defendants' alleged violations of the NIAA. In an attempt to do this, Plaintiffs allege that their reliance on NICS checks results in a concrete injury, because the incompleteness of the databases "interferes directly and specifically with the Plaintiffs' governmental responsibilities to run effective background checks" and to issue firearm permits only to qualified applicants. They allege that the incomplete databases may cause (and may have already caused) Plaintiffs to "unwittingly issue[] permits or licenses . . . to individuals who should not have received them."

The thrust of these allegations is the assertion of an "informational injury" resulting from Plaintiffs' reliance on the incomplete databases. See Fed. Election Comm'n v. Akins, 524 U.S. 11, 24-25 (1998). The Fourth Circuit has held that an informational injury alone is not enough to constitute a concrete injury for standing purposes: instead, "a constitutionally cognizable informational injury requires that a person lack access to information to which he is legally entitled *and* that the denial of that information creates a 'real' harm with an adverse effect." Dreher v. Experian Information Solutions, Inc., 856 F.3d 337, 345 (4th Cir. 2017).

There are two problems with Plaintiffs' argument that their reliance on the incomplete NICS databases creates a cognizable informational injury. First, Plaintiffs are not legally entitled

5

to the information that the NIAA requires Defendants to report quarterly. The NIAA obligates certain federal agencies (each of the agency Defendants) to transmit information to another agency (the Attorney General). 34 U.S.C. § 40901(e)(1). The provision does not create rights in the Plaintiffs. See Salt Inst. v. Leavitt, 440 F.3d 156, 159 (4th Cir. 2006) (concluding that a statute governing quality of information disseminated by agencies "create[d] no legal rights in any third parties"); see also Lujan, 504 U.S. at 573-77 (explaining that an "interest in proper application of the Constitution and laws" does not confer standing).

Secondly, even if Plaintiffs were legally entitled to the information, Plaintiffs have not plausibly alleged a cognizable "'real' harm with an adverse effect." Dreher, 856 F.3d at 345. Plaintiffs assert that the real harm resulting from their denial of access to information they are entitled to is that they may have issued (or may in the future issue) permits or licenses to prohibited persons. This allegation is simply too speculative to satisfy Article III's requirement that an alleged injury must be "actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560. As Defendants point out, the allegation requires a chain of speculative assumptions, including that DoD's delay in reporting has caused or will cause relevant information to be absent at the specific time of Plaintiffs'

6

inquiry regarding an unknown applicant, that the relevant FBI databases queried by the NICS contain no other disqualifying records for that applicant, that Plaintiffs' own investigations return no other disqualifying information, and that the applicant is otherwise entitled to issuance of the permit or license under state and local laws. Plaintiffs are required to satisfy "the well-established tenet that a threatened injury must be 'certainly impending' to constitute an injury-in-fact," Beck v. McDonald, 848 F.3d 262, 272 (4th Cir. 2017), and cannot rest "on a highly attenuated chain of possibilities" or "mere speculation." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 410-11 (2013). Plaintiffs have failed to meet that standard here, and therefore lack standing to bring this suit.

In addition to failing to allege a sufficient injury in fact to confer standing, Plaintiffs also fail to plead subject matter jurisdiction under the APA because they do not allege a discrete "agency action unlawfully withheld" that they seek to compel, but instead challenge Defendants' systematic compliance with a statutory mandate.

The APA "does not provide judicial review for everything done by an administrative agency." Invention Submission Corp. v. Rogan, 357 F.3d 452, 459 (4th Cir. 2004). Instead, the APA requires a plaintiff to allege a discrete agency action "that affects him in [a] specified fashion." Lujan v. Nat'l Wildlife

7

Fed'n, 497 U.S. 871, 882 (1990). Furthermore, agency action in this context is limited to "circumscribed, discrete agency actions," and a "failure to act" is "properly understood as a failure to take an *agency action*" that is similarly "limited . . . to a *discrete* action." Norton v. S. Utah Wilderness All., 542 U.S. 55, 62-63 (2004). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*," and thus a "broad programmatic attack" is precluded. Id. at 64.

Plaintiffs' challenge to Defendants' NIAA compliance is not a proper challenge to a discrete agency action. Instead, it is a "broad programmatic attack" on Defendants' compliance with a statute. Id. Plaintiffs allege that Defendants "have systematically failed, and continue to systematically fail to provide all [relevant] records to the Attorney General, and, in a significant number of instances to provide such records at all." These allegations do not identify any specific and discrete agency action withheld, but instead seek to have this Court supervise and oversee Defendants' programs and procedures for compliance with the NIAA by compelling Defendants to provide the Court with a compliance plan and monthly reports. However, the APA "do[es] not empower a court to supervise an agency's compliance with a broad statutory mandate." Murray Energy Corp. v. Adm'r of EPA, 861 F.3d 529, 537 n.4 (4th Cir. 2017). Thus,

8

because Plaintiffs have failed to identify a discrete agency action, they fail to allege jurisdiction for this claim under the APA.

For the foregoing reasons, this Court holds that Defendants' Motion to Dismiss should be granted and Plaintiffs' Complaint should be dismissed. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
April 24, 2018